UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDDY PERAZA,

    Petitioner,

-vs-                                    Case Nos.   5:14-cv-120-Oc-10PRL
                                                                 5:12-cr-20-Oc-10TBS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DISMISSING PETITION

This is a proceeding under 28 U.S.C. § 2255 initiated by a pro se federal inmate (Peraza) seeking to set aside his conviction and sentence resulting from an earlier prosecution in this Court.

The Court has reviewed the claims of the Petition and has determined that ". . . the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). It follows that notice to and a response from the United States, and a hearing, are unnecessary. Id. Further, it does not appear that the interests of justice require the appointment of counsel. 18 U.S.C. § 3006A(a)(2). The Petition (Doc. 1) will be dismissed with prejudice.

### History of the Case

A criminal complaint was filed against Peraza and four other persons on April 10, 2012 (Doc. 1, Case No. 5:12-cr-20).[1] The core of the complaint related to the operation

---

[1] Unless otherwise stated, all references to the underlying documents will be to the criminal case – Case No. 5:12-cr-20-Oc.

of marijuana grow houses in Marion County, Florida.  All five subjects were arrested the same day, and Peraza had his initial appearance before the United States Magistrate Judge that same day, April 10, 2012 (Doc. 4).  During that initial hearing Peraza sought the appointment of counsel (Doc. 9), and a lawyer was appointed for him by order entered the following day, April 11, 2012 (Doc. 15).  Counsel made his appearance the day after that, April 12, 2012 (Doc. 18).  In the meantime, a detention/preliminary hearing was scheduled and was thereafter held on April 16, 2012 (Doc. 12), and Peraza was ordered detained.  An indictment was returned on May 9, 2012 (Doc. 37).  It was framed in one count and charged Peraza and his four co-defendants with a marijuana conspiracy offense in violation of 21 U.S.C. § 846.  The conspiracy allegedly lasted from a date unknown through April 11, 2012, and the alleged object of the conspiracy was ". . . to manufacture (grow) 100 or more marijuana plants, a Schedule 1 controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii)."  Id.

Peraza was arraigned and entered a plea of not guilty (Doc. 40).  He then moved for bail (Doc. 44) and was released on June 7, 2012, upon posting bond in the amount of $100,000 (Doc. 48).

The case proceeded to jury trial commencing September 24, 2012 (Doc. 104).  The day before trial, September 23, 2014, the Government filed under 21 U. S. C. § 851 an Information and Notice of Prior Conviction (Doc. 98).  The prior conviction was identified as follows:

> 4.   On or about July 24, 2007, the defendant, EDDY PERAZA, was convicted on a charge of possession of a controlled substance (possession of marijuana over 20 grams), in violation of Florida Statutes, Section 893.13(6)(a), in State of

2

> Florida v. Eddy Peraza, Case No. 112007CF000970AXXXXX (also referenced as Case Number 0700970CFAFGB, and as Clerk's No. 0700970CFA) in the State of Florida Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida.
>
> 5.      Said conviction is a prior conviction within the meaning of Title 21, United States Code, Section 851 [being a felony under Florida law] which mandates an increased sentence under Title 21, United States Code, Section 841(b).

The trial concluded in a mistrial on September 27, 2012 due to the jury's inability to agree upon a verdict (Doc. 111).  On October 10, 2012, the Grand Jury returned a Superseding Indictment framed in two counts (Doc. 126).  Count One was identical to the original indictment except that it dropped two of the Defendants and named as co-conspirators Peraza and two others.  As before, the alleged object of the charged conspiracy was to manufacture or grow 100 or more marijuana plants. Count Two (a new charge) alleged a substantive offense, that on or about April 9, 2012, the three Defendants, including Peraza, knowingly and willfully manufactured or grew an unstated number of marijuana plants in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D).

Peraza entered a plea of not guilty to both counts (Doc. 135) and on November 5, 2012, the case proceeded to jury trial on the Superseding Indictment (Doc. 132).[2]  On November 8, 2012, the jury returned a verdict (Doc. 159) finding Peraza guilty as charged in both counts.  As to Count One the jury specifically found that the charged conspiracy involved an agreement to manufacture or grow 100 or more marijuana plants.  Id.

---

[2]      On November 2, 2012, three days before the second jury trial, apparently acting out of caution, the Government filed a Second Information and Notice of Prior Conviction (Doc. 146) reiterating the allegation quoted supra concerning Peraza's prior drug conviction in state court.

3

Under 21 U.S.C. § 841(b)(1)(D), a conviction of a marijuana offense involving less than 50 kilograms, or less than 50 plants (which would include cases in which no specific number of plants is charged as in Count Two of Peraza's Superseding Indictment) the maximum term of imprisonment is five (5) years.

Under 21 U.S.C. § 841(b)(1)(B), a marijuana offense involving 100 or more marijuana plants (as charged in Count One of Peraza's Superseding Indictment) is punishable by a term of commitment of not less than five (5) and not more than forty (40) years.  However, in the event the defendant has a prior conviction for a "felony drug offense," the sentence for a violation involving 100 or more marijuana plants is enhanced to a term of commitment of not less than ten (10) years and not more than life imprisonment. Id.

Peraza's sentencing hearing was scheduled and held on January 24, 2013 (Docs. 167 and 192).  The day before the hearing Peraza filed a written response (Doc. 170) to the Government's Second Information and Notice of Prior Conviction (Doc. 146) that had been filed prior to trial as required by § 851.  The response disputed the use, as an enhancer, of the offense identified in the Government's Second Information.  The prior conviction was challenged on three grounds:  (1) that there was no conviction and adjudication of guilt in the alleged state court prosecution; (2) that the state court judgment does not specify the offense for which the sentence was imposed; and (3) the offense charged was not a felony drug offense as required by 21 U.S.C. § 841(b)(1)(B).[3]

---

[3] Significantly, Peraza did not deny – and has never denied – that he was the Defendant in the subject state court proceedings.

4

The Judgment of the State Court was available during the January 24, 2013 sentencing hearing, but the charging document was not, and the Court deemed it essential that both documents be examined and made a part of the record in determining the objections raised in Peraza's response to the information for enhancement of sentence. Accordingly, the Court suspended the sentencing hearing to a later date in order to allow the parties an opportunity to obtain and produce the charging document when the hearing was resumed (See Doc. 192, pp. 17-27, Transcript of January 24, 2013 hearing).

Sentencing was rescheduled and conducted on February 20, 2013 (Docs. 195 and 208). The Court received in evidence certified copies of the information or charging document, and the judgment and sentence of the state court, in the case identified and described in the Government's § 851 notice of prior conviction. (See Doc. 208, p. 7). Taking a categorical approach[4] the Court determined that Peraza had been convicted and sentenced in the state courts of Collier County, Florida on July 24, 2007, for a violation of Florida Statute § 893.13(6)(a), commonly described as Possession of Cannabis – Over 20 Grams. The state statute provides;

> It is unlawful for any person to be in actual or constructive possession of a controlled substance . . . any person who violates this provision commits a felony of the third degree, punishable as provided in S.775.082 . . .

Cannabis is a "controlled substance" as listed in Florida Statute § 893.03(1)(c)7., and Florida Statute § 775.082 (the penalty provision referenced in § 893.13(6)(a)) states that

---

[4] See Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (2013). In Peraza's case it was unnecessary to inquire into the facts underlying the state court conviction or to otherwise look behind the governing state penal statute and the judgment of conviction.

5

a felony of the third degree is punishable by a term of imprisonment of not exceeding five (5) years.[5]

This Court therefore ruled it to be established that Peraza had previously been convicted of a "felony drug offense" within the meaning of 21 U.S.C. § 841(b)(1)(B) so that the mandatory minimum term of commitment applicable to his offense of conviction was enhanced from five (5) to ten (10) years. And that was the sentence the Court necessarily imposed – the mandatory minimum term 120 months or 10 years as to Count One, and 60 months or five (5) years as to Count Two to be served concurrently with Count One (Doc. 196).

Peraza appealed his conviction and sentence to the Eleventh Circuit Court of Appeals. His claims of error on appeal were: (1) there was insufficient evidence to support his conviction; (2) this Court erroneously admitted into evidence a document under the business record exception to the hearsay rule; and (3) the Court's standard form for requesting transcripts is unconstitutional because it does not provide for automatic transcription of trial proceedings. The Court of Appeals rejected each of these claims[6] and affirmed. See United States v. Niebla, 545 Fed. Appx. 914, 2013 WL 6084255 (Nov.19, 2013).

---

[5] The reference to the offense of conviction involving "over 20 grams" is explained by the succeeding subsection 6(b) of Florida Statute § 893.13 which provides "If the offense is the possession of not more than 20 grams of cannabis . . . the person commits a misdemeanor of the first degree . . . ."

[6] The evidentiary ruling was found to be harmless error.

On February 24, 2014, Peraza timely filed the present motion for relief under 28 U.S.C. § 2255. Liberally construed, he presents six identifiable claims, with one of the claims consisting of two parts. Each will be discussed in turn.

### Claim One[7]

> The indictment is too vague to satisfy the Sixth Amendment guaranty of specificity in the charge sufficient to fashion a defense or present a future claim of double jeopardy.

This claim fails for two reasons. First, it is procedurally barred because it is not based upon any new development in Supreme Court jurisprudence or in the law of the Circuit, so that the argument could and should have been presented to this Court and/or to the Court of Appeals on direct review, even though, as will be seen, the law of the Circuit foreclosed the claim then as it does now.[8] Failure to raise the issue on appeal bars the claim on collateral review absent cause and prejudice. See Lynn v. United States, 363 F.3d 1225, 1234 (11th Cir. 2004) (and prior Eleventh Circuit decisions cited therein). Peraza offers no explanation or evidence of any "cause" for his default in not previously raising this claim, nor does he demonstrate any legal "prejudice." He cannot show prejudice because there is no merit to the claim and no likelihood that the result in his case would have been different if he had raised the issue. Nor can he avoid the

---

[7]   The Court will restate the claims of the motion in order to present them in the best light for the Petitioner. In Ground One, for example, as stated in the motion, the Petitioner speaks of the right to be informed of a specific transaction claimed to be fraudulent. It is impossible to see how that statement has any relevance to this case.

[8]   Since this is Peraza's first motion under 28 U.S.C. § 2255 and the claim relates to his conviction rather than his sentence, there is no occasion to apply the "savings clause" of § 2255(e) involving, inter alia, a determination of whether the claim was foreclosed by the law of the circuit at the time of direct appeal and the initial petition under § 2255.

7

consequences of his default by claiming to be "actually innocent" of the offense of conviction. The Court of Appeals has already determined on direct appeal that the evidence suffices to sustain the jury verdict of guilt.

Finally, as just stated, the claim lacks merit. Count One of the Superseding Indictment alleged that Peraza and his named co-conspirators "did knowingly, willfully, and intentionally combine, conspire, confederate and agree . . . to grow 100 or more marijuana plants;" it specifies the dates during which the conspiracy existed (from an unknown date continuing through on or about April 11, 2012); it specifies the place within the Middle District of Florida where the conspiracy was formed and the offense was committed (Marion County, Florida); it specifies the names and identities of the other co-conspirators (Miguel Coto and Enelio Niebla); it specifies the unlawful object of the conspiracy (to manufacture or grow 100 or more marijuana plants); it specifies the federal statute that would be violated by anyone carrying out that intended object (21 U. S.C. § 841(a)(1)); it specifies the penalty statute (21 U.S.C. § 841(b)(1)(B)(vii)) applicable to the intended violation of § 841(a)(1); and it specifies the statute violated by forming the alleged conspiracy (21 U.S.C. § 846). These allegations clearly included each of the essential elements of the alleged offense and are sufficient to enable Peraza to rely upon the judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999) is a case squarely on point with regard to the sufficiency of the standard form of indictment under 21 U.S.C. §§ 841(a)(1) and 846, like the one in this case stating each

8

of the elements of the offense and providing sufficient information to protect against double jeopardy in any future prosecution.

Claim One will be Denied.

### Claim Two

(A) The Grand Jury did not include in the indictment the identity of the controlled substance as an essential element of the offense; and

(B) Counsel was ineffective for not objecting to a sentencing factor used to enhance his statutory sentencing range.

Like Claim One, at least the first part of this claim is procedurally barred because it could and should have been raised on direct appeal, and no cause or prejudice is shown for not doing so. Lynn v. United States, supra. In any event, the major premise of both parts of the claim is simply wrong. Both counts of the Superseding Indictment (Doc. 126) expressly alleged that the controlled substance involved in the respective offenses of conviction was "marijuana plants." Assuming that identification of the specific controlled substance involved in a Title 21 prosecution must be alleged in the indictment, that requirement was met in this case.

The ineffective assistance of counsel argument, as a part of this claim, is difficult to understand. The contention appears to be that the Court expanded or varied from the charge made in Count One of the indictment by having the jury make a specific finding concerning the number of marijuana plants involved in the conspiracy and attributed to Peraza, and that defense counsel was ineffective for not objecting to the "variance." That claim fails, however, because Count One alleged "100 or more marijuana plants." There

was, therefore, no variance in having the jury decide the quantity of plants involved, whether it was 100 plants or some lesser number, and no shortfall in defense counsel's lack of objection to that procedure.  In fact, that procedure was designed to benefit Peraza, not to cause him prejudice.  If the jury had found that the conspiracy existed but involved less than 100 marijuana plants attributable to Peraza, his sentence exposure would have been reduced to a maximum commitment term of five (5) years.

### Claim Three

> Ineffective Assistance of Counsel Due to Delay in Appointment of Counsel to participate in plea negotiations.

This claim is frivolous in the extreme.  Peraza was arrested on April 10, 2012.  He had his initial appearance the same day (during which he requested representation and established his financial eligibility for appointment of counsel under the CJA, (see Doc. 9)), and counsel was promptly appointed the next day.  It is hard to imagine how counsel could have been appointed any sooner; and, contrary to Peraza's claim, there could not possibly have been any prejudice with regard to "plea negotiations."  Peraza had just been arrested and had not even been indicted when his counsel was appointed (see Docs. 15 and 37) and, of course, he had not yet been arraigned (see Doc. 40).  Peraza's unsupported statement in the Petition (Doc. 232, p. 10) that "the government extended an [sic] plea agreement verbally and by way of conference" before counsel was appointed

is facially incredible. Besides, there is no explanation as to how Peraza was prejudiced by the alleged lack of counsel at that moment.[9]

### Claim Four

Ineffective Assistance of Counsel Due to a Conflict of Interest.

This claim fails because it is nothing more than the bald assertion stated in the heading or title. There is no explanation whatever concerning what the alleged conflict of interest was or how it prejudiced Peraza's defense.[10]

### Claim Five

Sixth Amendment and Due Process Violation
Alleyne v. United States, ___ U. S. ___, 133 S. Ct. 2151 (2013)

It is interesting to note in Peraza's case that his sentence was enhanced in two distinct ways, and that the second enhancement overrides the first enhancement and renders it moot.

First, as noted earlier (supra, p. 4), the penalty for manufacturing/growing marijuana plants is statutorily tied to the number of plants being grown. Thus, under 21 U.S.C. § 841(b)(1)(B), a marijuana offense involving 100 or more marijuana plants – as charged in Count One of this case – is punishable by a sentence of up to 40 years with a mandatory minimum sentence of not less than five years whereas an offense involving

---

[9] There is, for example, no allegation or suggestion that the alleged plea agreement was withdrawn before counsel was appointed (or at any other time).

[10] It is a reasonable speculation that some of Peraza's claims and legal arguments made in the motion or petition were simply borrowed by the writ writer from another case and have no relevance whatever to this one.

less than 100 plants is punishable by imprisonment for up to five years with no statutory minimum. Id.

Second, the Government's information under 21 U. S. C. § 851 alleging a prior conviction in state court for a felony drug offense served to enhance Peraza's mandatory minimum sentence from five years to ten years under 21 U. S. C. § 841(b)(1)(B), thereby overriding the plant quantity enhancement that raised the sentence to 5 years minimum mandatory.

In Alleyne the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an essential element of the offense that must be included in the indictment and proved to the jury beyond a reasonable doubt. Here, assuming that Alleyne applies to this case that is still pending on collateral review, there is and was no violation of Alleyne because the plant quantity was alleged in the indictment and was specifically found by the jury in its verdict. (See Docs. 126 and 159). Additionally, still assuming that Alleyne applies to this case, it does not help Peraza with respect to the use of his prior felony drug conviction as an enhancement because Alleyne recognized, and perpetuated, a "narrow exception" established by the Court's decision in Almendarez-Torres v. United States, 523 U. S. 224, 118 S. Ct. 1219 (1998), that the fact of a prior conviction as an enhancer need not be alleged in the indictment or found by a jury. The presence or absence of a prior conviction as an enhancer is a sentencing factor that may be found by the judge, not the jury. See Alleyne, 133 S. Ct. at 2160, n. 1.

Claim Five is without merit.

### Claim Six

Four of the Predicate Crimes Used to Support Petitioner's § 851 Career Offender Status Was [sic] not properly a designated crime of violence.

This claim makes no sense and reinforces the appearance that it was simply lifted from some other case and inserted by Peraza's writ writer into this Petition. Peraza was not found to be a career offender and there was never a sentencing issue in his case concerning prior convictions of violent felony offenses. On the contrary, the lone prior conviction alleged in the Government's § 851 information, and ultimately used as a sentence enhancer under 21 U. S. C. § 841(b)(1)(B), was his state court conviction for a "felony drug offense" as previously discussed.

### Conclusion

The motion under 21 U. S. C. § 2255 (Doc. 1) is DENIED in its entirety, and the Petition is DISMISSED with prejudice. The Clerk is directed to enter judgment to that effect, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this 16th day of April, 2014.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Eddy Peraza, *pro se*
             Maurya McSheehy, Courtroom Deputy